UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

———

ANTHONY FAWCETT,

          Plaintiff,      Case No. 1:07-CV-1128

v.              Honorable Richard Alan Enslen

WADE WAKEFIELD,

          Defendant.

_____/

## ORDER

  This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. The matter is before the Court on Plaintiff's Motion to Appoint Counsel filed August 11, 2008. United States Magistrate Judge Ellen S. Carmody denied the motion on the discretionary grounds applicable to motions under 28 U.S.C. § 1915(e)(1). Plaintiff has filed lengthy objections to the Magistrate Judge's determination.

  A district court considering objections to an order issued on a non-dispositive matter that was referred to a magistrate judge may "modify or set aside any part of the order that is clearly erroneous or contrary to law." FED. R. CIV. P. 72(a); *see also* 28 U.S.C. § 636(b)(1)(A); W.D. MICH. LCIVR 72.3(a). A decision is clearly erroneous when, "although there is evidence to support it, the reviewing court on the entire evidence is left with a definite and firm conviction that a mistake has been committed." *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948). If there are two plausible views of a matter, then a decision cannot be "clearly erroneous." *Anderson v. City of Bessemer*, 470 U.S. 564, 573 (1985).

As the Magistrate Judge held, indigent parties in civil cases have no constitutional right to a court-appointed attorney. *Abdur-Rahman v. Mich. Dep't of Corr.*, 65 F.3d 489, 492 (6th Cir. 1995); *Lavado v. Keohane*, 992 F.2d 601, 604-05 (6th Cir. 1993). The Court may, however, request an attorney to serve as counsel, in the Court's discretion. *Abdur- Rahman*, 65 F.3d at 492; *Lavado*, 992 F.2d at 604-05; *see Mallard v. U.S. Dist. Court*, 490 U.S. 296 (1989).

Notwithstanding Plaintiff's multiple complaints regarding his inability to fully litigate the case himself, Plaintiff has demonstrated a substantial understanding of the law and procedural rules. Indeed, his complaint alleges that he has assisted other prisoners in pursuing legal redress. Further, Plaintiff's claim is simple, involving one incident, and Plaintiff already has identified and spoken with numerous witnesses. The Magistrate Judge reasonably concluded that appointment of counsel was not necessary at this juncture. Upon review of each of Plaintiff's lengthy objections, the Court concludes that the Magistrate Judge's denial of Plaintiff's motion was neither clearly erroneous nor contrary to law. Denial of the motion is without prejudice to Plaintiff's filing of another motion at a later stage of the litigation. Therefore,

**IT IS HEREBY ORDERED** that Plaintiff's Statement of Appeal (Dkt. No. 46) is **DENIED**, the order of the Magistrate Judge (Dkt. No. 43) is **AFFIRMED**, and Plaintiff's Motion for Appointment of Counsel (Dkt. No. 40) is **DENIED WITHOUT PREJUDICE**.

DATED in Kalamazoo, MI:  
    November 12, 2008

/s/ Paul L. Maloney for  
RICHARD ALAN ENSLEN  
SENIOR UNITED STATES DISTRICT JUDGE